Alfred MOORE, Appellant,

v.

**GRAIN DEALERS MUTUAL INSURANCE COMPANY, Appellee.**

No. 15593.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1970.

Charles M. Burdeaux, Houston, for appellant.

Wyckoff, Russell & Dunn, W. Bryant Russell, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a summary judgment granted against appellant on motion of appellee.

On May 2, 1969, appellant recovered judgment against William A. Carmen, Jr. in the amount of $595.00. This represented damages resulting to appellant when his automobile was in collision with one driven by Carmen. The car driven by Carmen belonged to Northwest Auto Sales. When appellant's judgment was not satisfied, he sued appellee who carried a policy of public liability insurance covering the automobiles of Northwest Auto Sales.

It appears that Carmen had bought a new automobile from Northwest a short time before the collision with appellant. Shortly prior to the collision with appellant, Carmen was involved, with his newly purchased automobile, in another collision. At the time of the collision with appellant, Carmen's automobile was at Northwest being repaired. While Carmen's automobile was being repaired he was using an automobile made available by Northwest.

Appellant seeks recovery from appellee on the theory that Carmen was an insured under the omnibus provision of the policy of insurance issued by appellee to Northwest.

Appellee defended on the ground that the automobile in use by Carmen was "rented" to Carmen "or others" and thus came within an exclusion in the policy of insurance reading as follows:

"This insurance does not apply, under garage liability coverages:

"(e) To bodily injury or property damage arising out of ownership, maintenance, operation, use, loading or unloading of any

"(2) Automobile

"(ii) while rented to others by the named insured unless a salesman for use principally in the business of the named insured * * *"

Appellant says Northwest merely loaned the automobile to Carmen to use while his automobile was being repaired and there was no rental. Appellee says there was a rental to Carmen or, if not to him, to his attorney.

Since this was a motion for summary judgment, the burden was on appellee as the movant to establish that there was no issue as to the existence of a material fact. The evidence will be construed most strongly against the movant. If from the petition and affidavits a material fact issue was raised, the trial court will be held to have erred in granting the motion. The hearing was had only on the pleadings and affidavits.

The issue on appeal is whether the affidavits established as a matter of law that the automobile furnished by Northwest to Carmen was "rented to others" within the meaning of the exclusionary clause of the insurance policy.

Appellee's motion had attached the affidavits of Mr. William A. Roberts of North-

west and W. K. Gripp, an attorney who had previously represented Carmen and his wife in some matters unrelated to any automobile accident material to the question before us.

Mr. Roberts stated in his affidavit that Mr. and Mrs. Carmen needed a car while theirs was being repaired and asked Roberts if Northwest could let them have one. He told them he would "rent" them one. Upon being assured by their attorney that he would "stand good for the rental charges," Roberts allowed the Carmens to take a Ford station wagon.

Mr. Gripp in his affidavit stated that prior to and after May 16, 1968, this being the date of the alleged rental agreement, he represented the Carmens "in connection with a matter not related to the occurrences of this suit." On or about May 16, 1968, Mr. Roberts called him by telephone "concerning the rental or lease of an automobile" to the Carmens while their automobile was being repaired. Gripp agreed with Mr. Roberts that if he would rent the car to them, Gripp would "protect his company in the payment of the rental or lease charges so incurred by the Carmens." At the conclusion of the matter involving his representation of the Carmens "and in behalf of the Carmens" Mr. Gripp "paid the auto rental charges so incurred to Northwest Auto Sales."

In opposition to the motion the appellant denied there had been a rental of the station wagon to the Carmens but took the position that there was a mere loan to the Carmens. The pleading in opposition was supported by affidavits from the Carmens.

In his affidavit Mr. Carmen told of his automobile being at Northwest for repairs. He stated the people at Northwest Auto Sales let him use one of their cars during the time his Chevrolet was being repaired. He stated that no one at Northwest said anything to him about renting or leasing the station wagon that was made available for his use. He neither signed any contract, nor did he agree to rent or lease the automobile from anyone at any time.

Mrs. Carmen stated that they asked Northwest if Northwest had a car they would let the Carmens use while the Chevrolet was being worked on. Northwest then let them use the station wagon. She did not agree to rent, lease or make any payment to anyone for the use of the car. She did not hear her husband make any such agreement. It was her understanding there was to be a loan of the car for their use while their Chevrolet was being repaired.

In appellee's answer it states that Northwest allowed Mr. Carmen to use the station wagon "pursuant to a rent lease agreement between Carmen and * * * Northwest Auto Sales" and this makes the exclusion applicable.

In appellee's motion for summary judgment it again asserts that the "vehicle" had been rented to Mr. Carmen. In the affidavit of Mr. Roberts attached to the motion it is asserted that Mr. and Mrs. Carmen said they needed a car and asked if Northwest could let them have one. Mr. Roberts says he told them he would rent "them" one. Then upon being assured by Mr. Gripp "that he would stand good for the rental charges, Mr. Roberts allowed the Carmens to take the station wagon."

In what is denominated a "Supplemental Motion for Summary Judgment" appellee asserts the vehicle was rented upon assurance of the attorney "that the rental charges would be paid." The affidavit of Mr. Gripp shows no rental to him. It rather shows that if Mr. Roberts "would rent the car to them" (The Carmens) Mr. Gripp "would protect Northwest in the payment of the rental or lease charges so incurred by the Carmens." Mr. Gripp then states he paid on behalf of the Carmens the rental charges "so incurred to Northwest Auto Sales." In analyzing Mr. Gripp's affidavit it is clear that his employment as an attorney by the Carmens involved legal matters unrelated to "the occurrences of this suit."

In its brief appellee asserts that it makes no difference legally whether the rental was to the Carmens because it is established there was a rental "to others." We suppose it contends either that there was a rental to Gripp for the benefit of the Carmens or he was, as their agent, making the rental agreement for them.

The affidavit of the Carmens contradicts that of Mr. Roberts and thus clearly raises an issue as to whether there was a rental or a mere loan of the station wagon. We are also of the view that the affidavit of Mr. Gripp does not establish he purported as agent to make a rental agreement for the Carmens but really merely evidences a representation by him that if Roberts made a rental agreement with the Carmens he would guarantee the payment of the rental if it was not paid by the Carmens. His obligation to pay was not a primary one. Gripp's statement that he paid on behalf of the Carmens after he concluded his other work for them and after the accident is not conclusive proof of any previous rental agreement with the Carmens. In fact, his bare statement he paid on behalf of the Carmens is a mere conclusion. If it be thought that the affidavit of Gripp shows he was their attorney and therefore an agent of the Carmens, the answer is that he was their attorney in an unrelated matter and thus there is no evidence of his authority to make the alleged rental agreement for them.

Appellee seems to urge there was an implied contract. There was no pleading of such. Neither does the evidence establish conclusively an implied agreement either one implied in fact or in law for a rental of the station wagon.

It appears to us that at the most Mr. Gripp would be merely a guarantor. For there to be a guarantor there must be a primary obligation on the part of another the performance of which is guaranteed.

There being material fact issues as we have pointed out, the court erred in rendering a summary judgment.

Reversed and remanded.